UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY AUSTIN PANNELL,<br><br>Defendant. | No. 2:25-cr-00120-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Timothy Austin Pannell's ("Defendant") Motion to Dismiss. (ECF No. 26.) The Government filed an opposition. (ECF No. 27.) Defendant filed a reply. (ECF No. 29.) For the following reasons, the Court DENIES Defendant's motion as moot.

On April 28, 2025, Clemente Jimenez was appointed to represent Defendant pursuant to the Criminal Justice Act ("CJA"). (ECF No. 6.) On May 8, 2025, Defendant was indicted on one count of distribution of fentanyl causing death. (ECF No. 14.) In July 2025, funds for CJA appointed counsel were depleted for the 2025 fiscal year. (ECF No. 26 at 2.)

On October 29, 2025, Defendant filed the instant motion to dismiss, requesting the Court dismiss the indictment against Defendant pursuant to Federal Rule of Criminal Procedure

1

1  12(b)(1). (*See generally id*.) Defendant argues the suspension of payments to CJA attorneys and
2  service providers has resulted in the denial of Defendants' Sixth Amendment right to counsel.[1]
3  (*Id.* at 2.) Defendant contends dismissal is the only appropriate remedy as a more limited remedy
4  would not fully redress the harm or guarantee his counsel's effective function.[2] (ECF No. 29 at
5  3.)

6       In opposition, the Government acknowledges the difficulty faced by CJA appointed
7  attorneys due to the lapse in funding but contends an attorney's financial circumstances do not
8  provide a proper basis to dismiss an indictment particularly when there are other, less drastic
9  remedies available. (ECF No. 27 at 1.) The Government argues because Defendant provides no
10  legal basis for the Court to exercise its authority to dismiss a validly-returned indictment on the
11  basis of delayed reimbursement for attorney's fees, Defendant's motion should be denied. (*Id.*)

12       Under Federal Rule of Criminal Procedure 12(b), a "party may raise by pretrial motion
13  any defense, objection, or request that the court can determine without a trial on the merits." Fed.
14  R. Crim. P. 12(b)(1). A Court may dismiss an indictment for three reasons: "(1) to implement a
15  remedy for the violation of a recognized statutory or constitutional right; (2) to preserve judicial
16  integrity by ensuring that a conviction rests on appropriate considerations validly before a jury;
17  and (3) to deter future illegal conduct." *United States v. Bundy*, 968 F.3d 1019, 1030 (9th Cir.
18  2020) (internal citation omitted). Generally, a defendant moving to dismiss an indictment bears
19  the burden of demonstrating a factual basis for such a motion to dismiss. *See United States v.*
20  *Ziskin*, 360 F.3d 934, 943 (9th Cir. 2003); *United States v. Lazarevich*, 147 F.3d 1061, 1065 (9th
21  Cir. 1998).

---

[1] Defendant notes he is informed that when the funding is restored, CJA appointed attorneys can expect: (1) weeks of delayed payments as the system makes its way through the backlog of outstanding payments and (2) a $120,000,0000 shortfall in the fiscal year 2026 budget. (ECF No. 26 at 2.) Defendant does not cite to any authority for his argument. At this juncture, Defendant's arguments are based on what is expected to occur in the future, and thus, the Court declines to address them.

[2] In the last sentence of Defendant's reply, Defendant's counsel requests to withdraw as counsel for Defendant should his motion not be granted. (ECF No. 29 at 5.) The Court will consider Defendant's counsel's request only upon a properly noticed motion to withdraw.

1  Defendant's motion is premised on the notion that the Government would have a
2  structural advantage over indigent defendants if the prosecution of defendants was allowed to
3  proceed while the defense of those defendants was halted due to a lapse of funding. (*See*
4  *generally* ECF Nos. 27, 29.) Funding has now been restored, and Defendant's counsel has been
5  able to proceed with representation. The parties have stipulated to continue the previously set
6  status conference to February 2026, and no trial is pending. (ECF Nos. 30, 31.)
7  Accordingly, the Court finds it need not decide whether a constitutional violation
8  occurred, because the issue presented has now been resolved, and therefore Defendant's motion is
9  now moot. *See* United States v. Ayon, No. 2:22-CR-00176-TLN, 2025 WL 3471872, at *2 (E.D.
10 Cal. Dec. 3, 2025) (denying defendant's motion to dismiss based on lack of CJA funds as moot
11 given funding was restored).
12 For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 27) is DENIED as
13 moot.
14 IT IS SO ORDERED.
15 Date: December 12, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE